UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS K. WEBSTER JR.,

                   Plaintiff,                        Case No: 12-14903

vs.                                              HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

                   Defendant.

_____/

**MEMORANDUM AND ORDER ADOPTING REPORT
AND RECOMMENDATION (Doc. 15), OVERRULING
PLAINTIFF'S OBJECTIONS (Doc. 16), DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(Doc. 11), GRANTING THE COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT (Doc. 14),
AFFIRMING THE ALJ'S DECISION DENYING
<u>BENEFITS AND DISMISSING CASE</u>**

**I. INTRODUCTION**

This is a Social Security case. Plaintiff Dennis K. Webster, Jr. (Webster) appeals

the final decision of the Commissioner of Social Security (Commissioner) denying his

application for Social Security disability benefits and for supplemental security income.

Webster claimed that he was disabled since April 15, 2010, due to severe degenerative

disc disease, right knee degenerative joint disease, left knee pain status post arthroscopy,

diabetes mellitus, carpal tunnel syndrome, sleep apnea, obesity, and depression.

The parties filed cross motions for summary judgment (Docs. 11, 14). The motions

were referred to a magistrate judge (MJ) for a report and recommendation (MJRR). The

MJ recommends that Webster's motion for summary judgment be denied and that the

Commissioner's motion for summary judgment be granted. Webster filed timely objections

to the MJRR (Doc. 16).  For the reasons that follow, the Court will adopt the MJRR, overrule Webster's objections, deny Webster's motion for summary judgment (Doc. 11), grant the Commissioner's motion for summary judgment (Doc. 14), affirm the Commissioner's decision denying benefits, and dismiss this case.

## II. BACKGROUND

### A. Procedural History

As the parties have not objected to the MJ's recitation of the procedural history and administrative record, the Court adopts that portion of the MJRR as if fully set forth herein. *See* (Doc. 16).  A brief summary follows.

Webster applied for disability insurance benefits and supplemental security income on June 8, 2010, alleging that he had been disabled since April 15, 2010.  Webster's insured status extends to December 31, 2013.  The Social Security Administration (SSA) denied Webster's claim, after which Webster requested a *de novo* hearing before an administrative law judge (ALJ).  Webster appeared with counsel and testified on his own behalf.  A vocational expert (VE) also testified at the hearing.  In testifying, the VE responded to two hypothetical questions posed by the ALJ.

On October 29, 2013, the ALJ issued a written decision denying Webster's claim because she found Webster capable of performing a significant number of jobs in the national economy.  The Appeals Council declined to review the ALJ's decision, which rendered the decision of the Commissioner final.  Webster appeals from that decision.

### B. The ALJ's Decision

The MJRR summarizes the ALJ's October 29, 2013 decision denying benefits:

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2010, and that Plaintiff met the insured status requirements of the Act through December 31, 2013.  At step [sic] 2, the ALJ found that Plaintiff suffered from severe degenerative disc disease, right knee degenerative joint disease, left knee pain status post arthroscopy, diabetes mellitus, carpal tunnel syndrome, sleep apnea, obesity, and depression.  At Step 3, the ALJ found that Plaintiff had moderate restrictions in daily living and moderate difficulties in social functioning and concentration, persistence, or pace; thus, the ALJ found that Plaintiff's impairments did not meet or equal on the listed impairments.  The ALJ then found that [Plaintiff] retained residual function capacity to perform light work with the following additional limitations:

> . . . [Plaintiff] requires work which is non-production oriented, simple, and unskilled with an SVP of 1 or 2.  The work should be routine and repetitive.  This work should also be low stress, with only occasional changes in the work and only occasional decision-making required as part of the job. The claimant should not work in close proximity to coworkers, meaning he cannot function as a member of a team, and he should have minimal direct contact with the public and no contact with large crowds.  He requires a sit/stand option at will.  He is capable of standing for up to 30 minutes at a time, working for up to 20 minutes at a time, and, with normal breaks, standing and/or walking for a total of four hours in an eight-hour workday.  He can sit for approximately 30 minutes at a time and, with normal breaks, a total of six hours in an eight-hour workday.  The claimant can perform pushing and pulling.  He can perform activities requiring bilateral manual dexterity for both gross and fine manipulation with handling and reaching.  However, with the right upper extremity, gross and fine motor skills are reduced to frequent instead of constant. The claimant should avoid concentrated exposure to hazards, such as unprotected heights, moving machinery, and vibrations.  He can occasionally climb ramps and stairs, balance, stoop, and crouch.  However, he can never kneel, crawl, or climb ladders, ropes, or scaffolds.

The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing a significant number of jobs in the national economy.  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time the date of his alleged onset though the date of the ALJ's decision.

(Doc. 15, pp. 7-8) (internal citations to record omitted).

**C. The Parties' Motions for Summary Judgment**

Webster filed this appeal of the ALJ's decision.  The parties each filed motions for summary judgment.  The case was referred to the MJ, who recommends denying Webster's motion for summary judgment, granting the Commissioner's motion for summary judgment, and dismissing the case.  The case is now ready for decision.

### III. STANDARD OF REVIEW

**A. Objections to MJRR**

A district court must conduct a de novo review of the parts of a MJRR to which a party objects.  28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  *Id.*  The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional.  *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

**B. Commissioner's Disability Determination**

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  A reviewing court may not resolve conflicts in the evidence or decide questions of credibility.  *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989).  Substantial evidence is "such relevant evidence as a

4

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 399 (1938).   "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6thCir. 1993); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009).   The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts."   *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973).   If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence.   *Walker v. Sec'y of HHS*, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record.   *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 508 (6th Cir. 2006). Essentially, the court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

### IV. ANALYSIS

5

Webster's objections to the MJRR reiterates his arguments on summary judgment. Each argument is addressed separately below.

*First*, Webster contends that the ALJ did not properly assess his complaints of depression, pain, and limitations and that the ALJ failed to fully develop the record on this matter. Webster asserts that since he had testified to attending Community Mental Health (CMH) for evaluation and to seeing a counselor once every two weeks beginning in January 2011, the ALJ had an affirmative duty to fully develop the record on this point and make every reasonable effort to obtain the treatment notes from his counselor. He contends that the ALJ had an independent duty to develop the record even though he was represented by counsel. Therefore, Webster argues that the ALJ improperly assumed that the lack of medical treatment indicated that his allegations were not credible.

The MJRR rejected Webster's argument and concluded that the ALJ did not fail in her duty to help obtain medical records. The MJRR explained that the regulation, 20 C.F.R. § 416.912, states, in part:

> (a) General.  In general, *you have to prove to us* that you are blind or disabled.  This means that *you must furnish the medical and other evidence* that we can use to reach conclusions about your medical impairment(s). . . .
>
> . . .
>
> (c) *Your responsibility.  You must provide medical evidence* showing that you have an impairment(s) and how severe it is during the time you say that you are disabled.  *You must provide evidence*, without redaction, showing how your impairment(s) affects your functioning during the time you say that you are disabled, and any other information that we need to decide your claim. . . .
>
> . . .
>
> (d) *Our responsibility*.  Before we make a determination that you are not disabled, we will develop your complete medical history for at least 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is

6

necessary or unless you say that your disability began less than 12
months before you filed your application. *We will make every reasonable
effort to help you get medical reports from your own medical sources*
when you give us permission to request the reports.

> (1) Every reasonable effort means that we will make an initial
> request for evidence from your medical source and, at any time
> between 10 and 20 calendar days after the initial request, if the
> evidence has not been received, we will make one followup request
> to obtain the medical evidence necessary to make a determination.
> . . .

20 C.F.R. § 416.912 (emphasis added) (cited in Doc. 15, pp. 11-12).

The MJRR also reasoned that, "as a general matter, it is a claimant's burden to
provide a complete record, but the ALJ must put forth the statutorily required
'reasonable effort' to assist the claimant."  (Doc. 15, p. 12)  The MJRR rejected
Webster's argument because Webster's attorney stated the record was complete, even
though his attorney was aware that Webster was getting treatment at CMH because he
had questioned Webster about the treatment.  Therefore, the MJRR explained that the
ALJ did not fail in her duty to help obtain medical records because Webster's attorney
represented to the ALJ that the record was complete.

The MJRR also accepted the Commissioner's argument that the CMH records
would have actually supported the ALJ's decision that Webster was not disabled
because Webster stated he was benefitting from the counseling sessions.  In addition,
Webster's primary care physician for depression indicated that Webster was improving
with Prozac.  The MJRR further stated that, even if the record supported Webster's
claim of disability, Webster did not present the evidence by way of a sentence-six
remand request or to the Appeals Council.

7

2:12-cv-14903-AC-MKM   Doc # 18   Filed 12/12/13   Pg 8 of 12   Pg ID 550

The MJRR was correct in its analysis.  The ALJ is an examiner charged with developing the facts.  *Richardson v. Pearles*, 402 U.S. 386, 410 (1971); *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983).  The ALJ must not assume the role of an attorney.  *Pearles*, 402 U.S. at 410; *Lashley*, 708 F.2d at 1051.  The ALJ only has a heightened duty to develop the record when the claimant, unfamiliar with the hearing procedures, is unrepresented by an attorney.  *Lashley*, 708 F.2d at 1051.  Since Webster was represented by an attorney, the ALJ did not have a heightened duty to help develop the record.  Indeed, it was Webster's attorney who represented to the ALJ that the record was complete.

*Second*, Webster asserts that the ALJ failed to give proper weight to the opinion of Dr. Deskovitz, the psychological examiner who personally evaluated Webster at the Commissioner's request.  Dr. Deskovitz indicated that Webster did not appear to have a tendency to exaggerate or minimize symptoms, had a Global Assessment of Functioning (GAF) score of 50, and would have difficulty sustaining work.  Accordingly, Webster contends that the ALJ improperly failed to give proper weight to Dr. Deskovitz's opinion because she chose to give greater weight to a reviewing medical source who only reviewed the records.  Webster asserts that the testimony of a medical advisor who bases her opinion on a review of medical records rather than on a medical examination is entitled to less weight than the report of another medical physician who personally examines the claimant.

The MJRR concluded that the ALJ did not improperly afford greater weight to the opinion of Dr. Strait.  The MJRR accepted that the opinion of the treating physician must

8

be given complete deference when it is supported by clinical and laboratory diagnostic evidence and not inconsistent with the other substantial evidence in the record. However, the MJRR indicated that neither Dr. Deskovitz nor Dr. Strait were Webster's treating physician.  The MJRR recognized that the opinion of an examining source generally receives more weight than the opinion of a source who does not examine the claimant, but also stated that "the opinion of a state agency medical or psychological consultant is reviewed in the same manner as is the opinion of a nonexamining [sic] physician or psychologist." (Doc. 15, p. 15) (citing C.F.R. § 404.1527(e)). Therefore, since neither Dr. Deskovitz or Dr. Strait were Webster's treating physician, the MJRR rejected Webster's claim that the ALJ improperly afforded greater weight to Dr. Strait's opinion.  It explained that, as a matter of law, neither opinion was of greater weight than the other, and that "[t]he ALJ gave good reasons for affording each opinion the weight she did" to Dr. Strait's opinion.  (Doc. 15, p. 15).  The MJRR also noted that the reasons given were "'supported by the evidence in the case record, and [were] sufficiently specific to make clear to [the Court and Plaintiff] the weight [she] gave to the . . . medical opinion[s] and the reasons for that weight.'" (Doc. 15, p. 15) (citing *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004)).

The MJRR correctly concluded that Dr. Strait's opinion was not improperly afforded greater weight than Dr. Deskovitz's opinion.  An ALJ should consider several factors when determining how much weight to give an opinion, including "the length and nature of the treatment relationship, the evidence that the physician offered in support of her opinion, *how consistent the opinion is with the record as a whole*, and whether the

physician was practicing in her speciality." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504,

514 (6th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)) (emphasis added).  As the

Commissioner argued, Dr. Strait's opinion was more consistent with the record as a

whole.  (Doc. 14, p. 9).  Furthermore, although the opinions of treating physicians are

given the most deference, the ALJ is not required to give them controlling weight if the

opinion is inconsistent with the record as a whole, and the reasons for giving the opinion

less weight are placed on record.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242

(6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.

2004)).  Since neither Dr. Strait nor Dr. Deskovitz was Webster's treating physician, and

since the reasons for affording Dr. Strait's opinion greater weight were adequately

given, the MJRR was correct in holding that the ALJ did not err.

*Finally*, Webster argues that the record does not support the notion that he is

capable of performing work in a competitive work setting.  Webster says that the

testimony given by the VE is confusing and convoluted, which makes it difficult to

decipher what occupations Webster could perform in a competitive work setting, if any.

He also claims that because the VE did not provide Dictionary of Occupational Titles

(DOT) classifications for the proposed jobs Webster could perform, it is difficult to

understand how those jobs would be feasible options for him.  Webster asserts that it is

difficult to imagine that a parking lot attendant or crossing guard would have minimal

contact with the public, or that a plastics inspector is an unskilled, low stress job.  The

VE also stated that employers allow 1 ½ to 2 days of absence per month and that it

would be a problem if the employee was consistently off task 15-20% of the time.

10

Webster contends that these facts do not support a finding that Webster has the capacity to work in a competitive work setting.

The MJRR concluded that the VE's testimony was not too confusing and the ALJ was within her rights to rely on it to determine that Webster was not disabled. Although the MJRR noted that the VE's testimony was not a model of clarity, it rejected Webster's claim that the testimony was too confusing to decipher what jobs Webster could perform. It reasoned that Webster's argument was without merit because neither the ALJ nor Webster's attorney appeared confused by the VE's testimony at the end of the hearing. The MJRR stated that when Webster's attorney was asked if he had "'anything further before we close the hearing,'" Webster's attorney replied in the negative. (Doc. 15, p. 16).

In addition, the MJRR explained that the ALJ was within its rights to rely on the VE's testimony because the ALJ does not have an independent duty to investigate the testimony of witnesses for correctness. Moreover, the MJRR stated that the Social Security regulations do not require the VE to rely on DOT classifications when testifying. The MJRR did note that the ALJ had asked the VE if her testimony was consistent with the DOT, to which the VE responded, twice, that it was consistent. Finally, the MJRR noted that Webster's attorney had an opportunity to cross-examine the VE on this issue, and did not, even though Webster's attorney had cross-examined the VE on other issues.

The MJRR was correct in its conclusion. "[T]he ALJ was within [her] rights to rely on the VE's testimony because the Social Security regulations do not require the VE to

rely on classifications in the DOT." *Wilson v. Comm'r*, No. 10-13828, 2011 WL
2607098, *6 (E.D. Mich. July 2, 2011) (Cohn, J.) (noting that inconsistencies and failure
to provide DOT classifications do not prevent the ALJ from relying on the VE's
testimony).  Furthermore, Social Security Regulation (SSR) 00-4p only places an
affirmative duty on the ALJ to ask if there is a discrepancy between the DOT and the
VE's testimony.  It does not require the ALJ "'to conduct an independent investigation
into the testimony of witnesses to determine if they are correct.'" *Id.*; *Beinloch v. Comm'r
of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009).

### V. CONCLUSION

For the reasons stated above,

the MJRR (Doc. 15) is ADOPTED as the findings and conclusions of the court;

Webster's objections (Doc. 16) are OVERRULED;

Webster's motion for summary judgment (Doc. 11) is DENIED;

the Commissioner's motion for summary judgment (Doc. 14) is GRANTED;

the ALJ's decision denying SSI benefits is AFFIRMED;

and this case is DISMISSED.

SO ORDERED.

     s/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated:  December 12, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record
on this date, December 12, 2013, by electronic and/or ordinary mail.

     s/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160